**UNITED STATES**

v.

**Frank L. AUSTIN, Jr., 266 39 9388, Private First Class (E–2), U.S. Marine Corps.**

**NMCM 92 0214.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 1 Oct. 1991.

Decided 14 May 1992.

Maj G.S. Warner, USMC, Appellate Defense Counsel.

LCDR Jeffrey B. Dundon, JAGC, USNR–R, Appellate Defense Counsel.

LT E. Henriques, JAGC, USNR, Appellate Government Counsel.

Before WILLEVER, STRICKLAND and ORR, JJ.

PER CURIAM:

We have examined the record of trial, the assignments of error,[1] and the Government's response, and we have concluded that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. The crux of the appellant's two assignments of error is the failure of the staff judge advocate (SJA) to include a Combat Action Ribbon, two additional Sea Service Deployment Ribbons, a Navy Unit Commendation, and a Letter of Appreciation in the list of the appellant's awards in the SJA's post-trial recommendation to the convening authority and the apparent failure of the convening authority to consider those awards by their absence from the action prior to the convening authority acting on the case.

 We note initially that the only evidence that the appellant is entitled to the Combat Action Ribbon is his statement during his testimony under oath during extenuation and mitigation. Record at 36. The appropriate page from the appellant's service record book for recording authorized awards, entered as page 8 of Prosecution Exhibit 1, fails to indicate the appellant's receipt of that award. We conclude that the SJA may rely upon a servicemember's official record in preparing the post-trial recommendation and need not search out the validity of such assertions.

 As to the two Sea Service Deployment Ribbons, the Navy Unit Commendation, and the Letter of Appreciation, we note that these awards were made during the appellant's previous enlistment from November 1980 to August 1983 and are reflected in Defense Exhibit A, a copy of a Certificate of Release or Discharge from Active Duty, DD Form 214. We also note that the SJA's post-trial recommendation fails to mention the appellant's prior service or his honorable discharge in 1983. Although there is no affirmative misstatement of the appellant's prior service in either the SJA's recommendation or the convening authority's action, these facts are similar to those before us in *United States v. Ford*, 33 M.J. 1046 (N.M.C.M.R. 1991), where we applied the standard developed for establishing "plain error" in *United States v. Lowry*, 33 M.J. 1035 (N.M.C.M.R.1991), and returned the record of trial for a new SJA's recommendation and a new action. Under the circumstances of this case, and applying the same standard, we find the omission here was not material and substantial since it involved matters that occurred almost 8 years before the offense in this case (using marijuana). In addition, we do not find any reasonable likelihood that the convening authority was misled about the appellant's service by the omission since the appellant had twice appeared at Office Hours at the same command for using marijuana during the 13 months before the date of trial. Consequently, the failure of the trial defense counsel to object to the omission in the post-trial recommendation constitutes waiver.

Accordingly, the findings of guilty and the sentence as approved on review below are affirmed.

[1] I. THE CONVENING AUTHORITY TOOK *PRO FORMA* ACTION WITHOUT COMPLETE CONSIDERATION OF REQUIRED CLEMENCY MATTERS.

II. THE STAFF JUDGE ADVOCATE FAILED TO PROPERLY ADVISE THE CONVENING AUTHORITY REGARDING APPELLANT'S SERVICE RECORD.