## UNITED STATES

v.

**Leonard PERKINS, Jr., 345 62 6788, Private First Class (E–2), U.S. Marine Corps.**

**NMCM 93 00713.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 7 Oct. 1992.

Decided 13 June 1994.

LT William M. Schrier, JAGC, USNR, Appellate Defense Counsel.

LT Michael C. Pallesen, JAGC, USNR, Appellate Defense Counsel.

LT Jack M. Kegelmeyer, JAGC, USNR, Appellate Government Counsel.

Before EDWIN W. WELCH and JAMES E. ORR, Senior Judges, and P.J. McLAUGHLIN, J.

ORR, Senior Judge:

Our review of this case has raised a question concerning the responsibility of the staff judge advocate (SJA) or legal officer to go beyond the contents of an accused's official record to accurately determine the accused's award and service history. Because the ap-

pellant did not assert any error or inaccuracy in his record or the SJA's account of it until 15 months after trial and 9 months after the convening authority acted, we have concluded that the SJA or legal officer did not err in relying upon the accuracy of the appellant's official service record.

This issue arose in an uncontested case where, in accordance with his pleas, the appellant was convicted of a conspiracy to commit larceny and forgery, two unauthorized absences, four forgeries, and the use of another's armed forces identification card with the intent to deceive in violation, respectively, of Articles 81, 86, 123, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 881, 886, 923, 934. He was sentenced by the military judge, sitting alone, to confinement for 7 months, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority approved the sentence as adjudged.

Before this Court, the appellant raised six summary assignments of error.[1] Only the first has merit, and it may be corrected by the issuance of an amended court-martial order, which we shall direct in our disposition of this case. The remaining five assignments of error raise issues that have already been resolved contrary to the appellant's contentions. *See Weiss v. United States,* —— U.S. ——, 114 S.Ct. 752, 127 L.Ed.2d 1 (1994); *United States v. Mitchell,* 39 M.J. 131 (C.M.A.1994).

In his post-trial recommendation, the SJA provided a summary of the appellant's service record as required by Rule for Courts–Martial (R.C.M.) 1106(d)(3)(B), Manual for Courts–Martial (MCM), United States, 1984, by indicating that the appellant began his initial service on 28 March 1989. He listed four awards and decorations: a letter of appreciation, the Sea Service Deployment Ribbon, the National Defense Service Medal, and the Rifle Marksman Badge. He also listed five instances where nonjudicial punishment (NJP) was imposed and one summary court-martial conviction. The date of the first NJP proceeding was stated as "21 Jan 89," a date which pre-dated the appellant's initial date of service by more than 2 months. Although the trial counsel had offered four pages from the appellant's service record in evidence during the presentencing stage of the trial, none of the entries reflected in those pages made any mention of these NJP proceedings [2] or the results of the summary court-martial.

Although the appellant's civilian defense counsel offered 16 letters from friends and

---

1. I. THE COURT–MARTIAL ORDER INCORRECTLY STATES THAT APPELLANT WAS FOUND GUILTY OF CHARGE III. (CITATION AND FOOTNOTE OMITTED.)

 II. APPELLANT'S COURT–MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. (CITATIONS OMITTED.) BECAUSE THIS ERROR IS JURISDICTIONAL, THE ISSUE IS NOT WAIVED EVEN THOUGH IT WAS NOT RAISED AT TRIAL. (CITATION OMITTED.)

 III. BECAUSE THIS COURT'S JUDGES WERE APPOINTED IN VIOLATION OF THE APPOINTMENTS CLAUSE, THIS COURT HAS NO POWER TO REVIEW APPELLANT'S CASE. (CITATIONS OMITTED.)

 IV. THE COURT–MARTIAL HAD NO JURISDICTION BECAUSE THE MILITARY JUDGE'S LACK OF A FIXED TERM OF OFFICE LEFT THE MILITARY JUDGE INSUFFICIENTLY INDEPENDENT TO SATISFY THE FIFTH AMENDMENT'S DUE PROCESS CLAUSE. (CITATION OMITTED.) BECAUSE THE ERROR IS JURISDICTIONAL AND THE RECORD CONTAINS NO EVIDENCE OF A *KNOWING* WAIVER OF APPELLANT'S RIGHT TO AN INDEPENDENT MILITARY JUDGE, THE ISSUE IS NOT WAIVED EVEN THOUGH IT WAS NOT RAISED AT TRIAL.

 V. THIS COURT HAS NO JURISDICTION BECAUSE ITS JUDGES ARE NOT APPOINTED TO FIXED TERMS OF OFFICE. (CITATION OMITTED.)

 VI. THE INVOLVEMENT OF THE ASSISTANT JUDGE ADVOCATE GENERAL FOR MILITARY JUSTICE AND THE JUDGE ADVOCATE GENERAL OF THE NAVY IN THE PREPARATION OF THIS COURT'S JUDGES' FITNESS REPORTS DEPRIVES THIS COURT OF ITS INDEPENDENCE AND THE APPEARANCE OF INDEPENDENCE. (CITATION OMITTED.)

2. The record of trial does reflect the most recent of the five NJP proceedings because it was referred to in a motion to dismiss one of the unauthorized absence offenses because it had been the subject of an earlier NJP or "Office Hours" proceeding. The military judge found that the offense was not minor (the absence was more than 3 months long) and denied the motion, but he subsequently stated that he would not consider the proceeding as a matter in aggravation. Record at 80.

relatives of the appellant, a progress report on the appellant's behavior while in pretrial confinement, and evidence of the appellant's restitution of funds illegally obtained as a result of his offenses, no documentary evidence of the appellant's awards or decorations was offered. During his unsworn statement in extenuation and mitigation, the appellant did mention his participation in Operations Desert Shield and Desert Storm but did not otherwise discuss any awards or decorations. Record at 81–99. The civilian defense counsel also filed a post-trial clemency petition pursuant to R.C.M. 1105 in which he mentioned the appellant's deployment to Southwest Asia, but did not otherwise recount any details of the appellant's military service, and no response was made following service of copies of the SJA's recommendation.

Consequently, when the record and post-trial attachments reached this Court, it was not clear to us whether the SJA was even looking at the right record when he summarized the appellant's service history. There was nothing in the record of trial to compare it to, and as we have pointed out, the date of the first NJP proceeding pre-dated the appellant's initial date of service. We, therefore, specified the following issues to the Government:

I. DOES THE POST–TRIAL RECOMMENDATION SUBMITTED TO THE CONVENING AUTHORITY ACCURATELY REFLECT THE DISCIPLINARY HISTORY AND AWARD HISTORY OF THE APPELLANT? (FOOTNOTE OMITTED.)

II. IF THE POST–TRIAL RECOMMENDATION IS INACCURATE, DOES THIS MIS–ADVICE CONSTITUTE PLAIN ERROR? See United States v. Demerse, 37 M.J. 488 (C.M.A.1993); United States v. Lowry, 33 M.J. 1035 (N.M.C.M.R.1991).

 In response to these issues, the Government has filed 21 pages from the appellant's service record book and pointed out that the "21 Jan 89" date for the appellant's first NJP proceedings noted in the SJA's recommendation was incorrectly typed and

should have been "21 Jun 89." Otherwise, the recommendation accurately reflected the appellant's service record as it existed at the time the recommendation was prepared and as it currently exists. We note that the page for the appellant's combat history, expeditions, and awards record reflects entries (1) for participation in Operation Desert Shield in Saudi Arabia and in Operation Desert Storm in Saudi Arabia and Kuwait and (2) authorizing the appellant's receipt of a letter of appreciation, the Sea Service Deployment Ribbon, and the "NDSM" (National Defense Service Medal). An entry for the "CAR" (Combat Action Ribbon), apparently issued on 10 Mar 91, has been lined through.

In his reply to the Government's response to the specified issues, the appellant filed a discovery motion asking that this Court order the Government to produce a history of the appellant's command during Operations Desert Shield and Desert Storm with a list of campaigns, combat operations, unit awards earned by the command, and individual awards earned by members of the appellant's unit. The appellant also filed a motion to attach his sworn statement, in which he states that he was awarded the Combat Action Ribbon, Navy Unit Commendation, Southwest Asia Service Medal with two stars, Kuwaiti Liberation Medal, and a second Sea Service Deployment Ribbon as a result of his service in Southwest Asia. He disclaimed any knowledge as to why his service record book failed to indicate his receipt of these awards. The appellant's statement is dated 8 March 1994, which is 17 months after the date of trial and approximately 12 months after the convening authority acted on the case.

In our order [3] denying the discovery motion and granting the motion to attach, we essentially declined to let the appellant attack the SJA's post-trial recommendation by complaining about the accuracy of the official entries in his service record more than a year after he had been given the opportunity to complain and had not done so. We concluded that when an accused has not complained about the accuracy of that record or submit-

---

**3.** A copy of the order is attached as an appendix to this opinion.

ted contrary information by the time the period provided in R.C.M. 1106(f)(5) has expired, an SJA or legal officer may rely upon an accused's official record in preparing the post-trial recommendation and need not conduct a *sua sponte* inquiry into the accuracy of the information in that record.

In reaching our conclusion, we considered our earlier decision in *United States v. Austin,* 34 M.J. 1225 (N.M.C.M.R.1992) (per curiam), the decision of the U.S. Court of Military Appeals in *United States v. Demerse,* 37 M.J. 488 (C.M.A.1993), and the following, summary dispositions in *United States v. Lynch,* 39 M.J. 37 (C.M.A.1993), and *United States v. Hollon,* 39 M.J. 38 (C.M.A.1993). As discussed below, we do not think these decisions by the Court of Military Appeals require a different result than that reached in *Austin.*

In *Demerse,* the SJA's recommendation did not include a series of awards and decorations that Demerse had received in a prior enlistment and which were reflected on an official certificate of his earlier discharge. The Government conceded that Demerse had received those awards and decorations. The Court of Military Appeals exercised its discretion under the doctrine of plain error and returned the record for a new recommendation and convening authority's action. 37 M.J. at 490–92. In *Lynch,* the SJA failed to mention that Lynch was entitled to the Sea Service Deployment Ribbon, and while that was error, the Court concluded it was harmless. In *Hollon* (a Navy case), the SJA failed to mention Hollon's prior 5 years of Army service and the seven awards and decorations he had received during that service, and the Court found this to be plain error and required a new recommendation and action.

In each of these cases, as in the one now before us, there was no complaint about the accuracy of the SJA's recommendation within the time frame established by R.C.M. 1106. The primary distinction, however, is that, unlike the situations in *Demerse, Lynch,* and *Hollon,* the appellant has produced no official record or document to show that he has received and is entitled to wear the awards or decorations he now says he received. He

has not pointed to any document or entry in his service record that the SJA overlooked in preparing the recommendation because it appears no such entry or entries were ever made. In fact, the lining-out of the Combat Action Ribbon entry in his official record could be considered affirmative evidence that the appellant was *not* entitled to that award. If we were to accept the appellant's argument that he should be allowed to discover the information that might support his belief that he is entitled to the awards he claims, we would effectively transform this Court into an awards board to decide whether the appellant met the published criteria for any particular award or decoration.

In addition, if we were to accept the appellant's argument, we would be holding that the SJA in this case erred in relying upon the appellant's official record in preparing the recommendation when there was no assertion that the record was inaccurate. How then would an SJA overcome what appears, at the time the recommendation is prepared, to be a nonexistent problem? Must he or she check each record with an accused's personnel officer to ensure that all entries have been made and are correctly entered? Should he or she request some certification that the record reflects all awards and decorations the accused is entitled to? What if that certifying official is wrong? Does the SJA err in relying on such a certification? We think the answers to these rhetorical questions should be obvious, and that in the absence of any contrary information or claim, the SJA or legal officer need only rely upon an accused's official record in preparing the summary of that accused's service.

■ In regard to our specified issues, therefore, we conclude that the post-trial recommendation in this case contained a substantially accurate reflection of the appellant's official disciplinary and award history as it existed at the time. The typographical error in recounting the date of the appellant's first NJP proceedings was harmless.

Accordingly, the findings and the sentence as approved on review below are affirmed. As the appellant has pointed out, the promulgating order incorrectly indicates that the appellant was found guilty of Charge III

when he was acquitted of that charge. The issuance of a corrected promulgating order is hereby directed.

Senior Judge WELCH and Judge McLAUGHLIN concur.

## APPENDIX

### UNITED STATES NAVY–MARINE CORPS COURT OF MILITARY REVIEW

United States, Appellee,

v.

Leonard Perkins Jr., 345 62 6788, Private First Class (E–2) U.S. Marine Corps, Appellant.

NMCM No. 9300713

GENERAL COURT–MARTIAL

### ORDER

Upon consideration of the appellant's Motion for Discovery and to Attach Document and Third Motion for Enlargement of Time, both filed 6 April 1994, the Court's concern whether the staff judge advocate's post-trial recommendation accurately reflected the appellant's disciplinary and awards history has essentially been answered by the Government's submission of relevant pages from the appellant's service record, which were not offered at trial or otherwise attached to the record. The appellant now seeks to expand the issue the Court specified by disputing the accuracy of his service record regarding his awards history (vice the accuracy of the post-trial recommendation) when he neither offered such information during trial nor contested the staff judge advocate's summary of his record after trial. He also failed to mention any such awards in his counsel's post-trial clemency petition.

In *United States v. Demerse*, 37 M.J. 488 (C.M.A.1993), the Court of Military Appeals required a new post-trial recommendation and action when the recommendation failed to include information that was reflected in a personnel document, the accuracy of which was not in dispute. *Id.* at 490. The Manual for Courts–Martial, in pertinent part, re-

quires that the post-trial recommendation include "[a] summary of the accused's service record, to include ... awards and decorations received...." R.C.M. 1106(d)(3)(B). If an accused submits evidence in conflict with his or her service record during trial or in post-trial submissions to the convening authority, the staff judge advocate (SJA) may have an obligation to resolve the conflict when it concerns information required to be in the recommendation. But in this case, the only specific information about his awards offered by the appellant from the time of his trial until the present is his sworn statement which he now seeks to attach to his pleadings. Except for a typographical error in recounting the date of the appellant's first nonjudicial punishment proceeding, it appears that the post-trial recommendation accurately reflected the appellant's service record at the time the recommendation was prepared and submitted to the convening authority. As the Court stated in *United States v. Austin*, 34 M.J. 1225 (N.M.C.M.R. 1992) (per curiam), an SJA may rely upon a servicemember's official record in preparing the post-trial recommendation and need not search out the validity of contrary assertions. *Id.* at 1226. Here no such assertion was made about the accuracy of the appellant's service record until this Court questioned the accuracy of the SJA's recommendation. The Court will not require the Government to defend the accuracy of that record when the dispute is raised for the first time during appellate review.

Accordingly, it is, by the Court, this 13th day of April, 1994,

ORDERED:

1. That that part of the appellant's Motion For Discovery And To Attach Document requesting discovery is denied;

2. That that part of the appellant's Motion for Discovery And To Attach Document requesting attachment of the appellant's sworn statement is granted, and the Court will weigh and consider the information in

assessing the appropriateness of the appellant's sentence; and,

3. That the appellant's Third Motion For Enlargement Of Time is denied except that the appellant shall have 5 days from the date of this order to file a response to the Government's Reply to our specified issues.

For the Court
/s/ ALFREDIA M. BIGESBY
ALFREDIA M. BIGESBY
Clerk
13 April 1994