UNITED STATES, Appellee

v

JUNIOR V. ROWE, Private, U. S. Marine Corps, Appellant

18 USCMA 54, 39 CMR 54

No. 21,561

December 6, 1968

*Captain Frank A. Nelson,* JAGC, USN, and *Lieutenant Commander E. M. Fulton, Jr.,* JAGC, USN, were on the pleadings for Appellant, Accused.

*Colonel C. R. Larouche,* USMC, was on the pleadings for Appellee, United States.

## Opinion of the Court

PER CURIAM:

Before a special court-martial, the accused was represented by two commissioned officers and a warrant officer, none of whom was a qualified lawyer. He pleaded guilty to, and was convicted of, two specifications of unauthorized absence, in violation of Article 86, Uniform Code of Military Justice, 10 USC § 886. During sentence proceedings, one of the three counsel made a brief unsworn statement for the accused, in which he recited certain difficulties the accused had with his wife which "prompted him to go UA." He also made a brief argument in which he maintained that the accused could "be salvaged for the Marine Corps." The court imposed a sentence extending to confinement at hard labor for six months and a bad-conduct discharge.

According to the convening authority's action and the post-trial review, at the time of trial the accused had completed more than two years of service. He served in Vietnam and had been awarded the Vietnam Service Medal with two stars; he also was awarded the Republic of Vietnam Campaign Medal.

Considering the nature and circumstance of the offenses to which he pleaded guilty, the accused's Vietnam service would, in our opinion, have "manifestly and materially affect[ed] the outcome" of the court-martial's deliberation on the sentence had it been brought to its attention. United States v Rosenblatt, 13 USCMA 28, 29, 32 CMR 28. It has been suggested that these awards were before the court members because it is customary for an accused to wear all authorized awards on his uniform. However, evidence as to them was not presented,

54

and we cannot say with any assurance that the court members knew they were entitled to consideration in the deliberations on the sentence. On the record, we are constrained to conclude that the failure of counsel to present evidence of the awards, or specifically to call them to the court members' attention as matters for their consideration, deprived the accused of effective assistance in regard to the sentence. United States v Broy, 14 USCMA 419, 428, 34 CMR 199; United States v Huff, 11 USCMA 397, 29 CMR 213.

The accused has served the period of confinement adjudged by the court-martial and the punitive discharge has been suspended with provision for automatic remission. These circumstances make it inappropriate to continue the proceedings against him. United States v Sheeks, 16 USCMA 430, 37 CMR 50.

The decision of the board of review is reversed. The findings of guilty and the sentence are set aside, and the charges are ordered dismissed.

Judge DARDEN did not participate in the decision in this case.