UNITED STATES, Appellee,

v.

Jan E. DEMERSE, Personnelman First
Class U.S. Navy, Appellant.

No. 66,190.
CMR No. 90 0529R.

U.S. Court of Military Appeals.

Argued June 1, 1993.

Decided Sept. 27, 1993.

For Appellant: *Lieutenant Brian C. Lansing*, JAGC, USNR (argued); *Lieutenant David P. Sheldon*, JAGC, USNR (on brief); *Lieutenant Matthew L. Kronisch*, JAGC, USNR, and *Lieutenant Peter Van Hartesveldt*, JAGC, USNR.

For Appellee: *Lieutenant Ralph G. Stiehm*, JAGC, USNR (argued); *Colonel T.G. Hess*, USMC, and *Lieutenant Commander S.A. Stallings*, JAGC, USN (on brief); *Commander Thomas W. Osborne*, JAGC, USN, and *Lieutenant Commander Lawrence W. Muschamp*, JAGC, USN.

*Opinion of the Court*

SULLIVAN, Chief Judge.

On November 27, 1989, appellant was tried by a military judge sitting alone as a general court-martial at the Naval Submarine Base New London, Groton, Connecticut. Based on his pleas, he was found guilty of 9 specifications of larceny, 9 specifications of forgery, and 1 specification of unauthorized absence (23 days), in violation of Articles 121, 123, and 86, UCMJ, 10 USC §§ 921, 923, and 886, respectively. He was sentenced to a dishonorable discharge, confinement for 5 years, a fine of $9070.00, and reduction to pay grade E–1. In accordance with a pretrial agreement, the convening authority approved the sentence but suspended all confinement in excess of 3 years for a period of 12 months from the date of his action. On August 30, 1990, the Naval Clemency and Parole Board mitigated the dishonorable discharge to a bad-conduct discharge. On November 29, 1990, the Court of Military Review affirmed the findings and sentence.

On May 9, 1991, this Court granted appellate defense counsel's motion to withdraw as counsel and returned the case to the Judge Advocate General of the Navy for remand to the Court of Military Review. The remand was "to consider and decide the matter raised by appellant in his request to be represented by military counsel outside the Navy–Marine Corps Appellate Defense Division." 33 MJ 159. On September 5, 1991, new appellate defense counsel was detailed by order of the Navy–Marine Corps Court of Military Review. On April 20, 1992, the Court of Military Review again affirmed the findings and sentence, this time with one judge filing a concurring opinion.

On March 1, 1993, this Court granted review of the following issue:

WHETHER THE NAVY–MARINE CORPS COURT OF MILITARY REVIEW HAS DECIDED APPELLANT'S CASE IN CONFLICT WITH PRECEDENT FROM THIS HONORABLE COURT REGARDING THE FAILURE OF TRIAL DEFENSE COUNSEL TO OFFER APPELLANT'S PERSONAL DECORATIONS EITHER AT TRIAL, OR TO COMMENT UPON THEIR OMISSION FROM THE STAFF JUDGE ADVOCATE'S RECOMMENDATION AND CONVENING AUTHORITY'S ACTION, THEREBY DENYING APPELLANT HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

We also specified review of the following issue:

WHETHER THE STAFF JUDGE ADVOCATE COMMITTED PLAIN ERROR BY OMITTING FROM HIS RECOMMENDATION TO THE CONVENING AUTHORITY AWARDS AND DECORATIONS APPELLANT RECEIVED IN VIETNAM.

We hold that the staff judge advocate committed plain error by failing to refer to appellant's awards and decorations for Vietnam service in his recommendation to the convening authority. Art. 60(d), UCMJ, 10 USC § 860(d); RCM 1106(d)(3)(B), Manual for Courts–Martial, United States, 1984. *See United States v. Fisher*, 21 MJ 327 (CMA 1986). *See generally United States*

*v. Olano,* —— U.S. ——, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

At the very beginning of appellant's court-martial, the following colloquy transpired between the military judge and defense counsel:

MJ: Defense counsel, is the accused attired in the appropriate uniform with all awards and decorations to which entitled?

DC: Yes, Your Honor.

MJ: Thank you. You may be seated.

After the military judge accepted appellant's guilty pleas and announced his findings, defense counsel called one witness and introduced seven exhibits. Defense counsel did not, however, introduce any evidence of appellant's awards and decorations. During closing argument on sentencing, defense counsel stated that appellant "has spent nearly 18 years in the Navy. Those years were honorable service, much of it at sea." Defense counsel did not even then enumerate appellant's awards and decorations for the military judge.

Before the post-trial action by the convening authority, the staff judge advocate submitted a recommendation to the convening authority dated January 11, 1990. Paragraph d of that recommendation provided a summary of appellant's service record. It consisted, in part, of a list of appellant's awards and decorations, but only mentioning appellant's Sea Service Deployment Ribbon and Good–Conduct Medal (4 awards). On January 23, 1990, defense counsel submitted post-trial matters to the convening authority, but he neither made reference to appellant's awards and decorations nor commented on the specific content of the staff judge advocate's recommendation.

Appellant's Department of Defense Form 214 (DD214), Certificate of Release or Discharge From Active Duty, dated September 6, 1983, was attached to this record of trial by order of the Court of Military Review (September 7, 1990). It lists in block 13 all of appellant's awards and decorations received as of the date of the DD214. The awards and decorations which are annotated on the DD214 include two Good Conduct Medals, the Sea Service Deployment Ribbon (with 3 stars), the Vietnam Campaign Ribbon, the Vietnam Service Ribbon, the Combat Action Ribbon, and the National Defense Service Medal. The staff judge advocate's recommendation to the convening authority did not list appellant's Vietnam Campaign Ribbon, Vietnam Service Ribbon, Combat Action Ribbon, or National Defense Service Medal. The Government also concedes that these decorations existed. Answer to Final Brief at 4.

---

A

This Court has held that, "[i]n order to prevail on an ineffectiveness-of-counsel claim, an accused must establish both incompetence and prejudice." *United States v. Scott,* 24 MJ 186, 188 (CMA 1987). Trial defense counsel's unexplained failure to present as sentencing evidence appellant's service record of awards and decorations for Vietnam service was legal error. *United States v. Rowe,* 18 USCMA 54, 39 CMR 54 (1968). Nevertheless, considering that the military judge *sua sponte* inquired into appellant's proper wearing of authorized awards and decorations, such a failure was not prejudicial to appellant. *See United States v. Griffith,* 27 MJ 42, 43 (CMA 1988); *cf. United States v. Rowe, supra.*

This was a bench trial where the military judge is presumed to know our decision in *United States v. Rowe, supra,* and its concern for evidence of Vietnam service. *See generally* RCM 1001(c)(1)(B); *see United States v. Mays,* 33 MJ 455, 459 (1991) (this Court presumes that military judges will follow the law); *United States v. Vangelisti,* 30 MJ 234, 240 (CMA 1990) ("we are inclined to presume the military judge knew the law and acted according to it"); *United States v. Harper,* 22 MJ 157, 164 (CMA 1986); *United States v. Lewis,* 12 MJ 205, 208 n.4 (CMA 1982). Moreover, the military judge expressly noted on the record his recognition of appellant's mili-

tary decorations. Accordingly, ineffective assistance of counsel as delineated in *United States v. Scott, supra,* did not occur in this case. *See generally Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

## B

■ We now turn to the staff judge advocate's failure to note appellant's Vietnam awards and decorations in his recommendation to the convening authority. *See generally United States v. Beaudin,* 35 MJ 385 (CMA 1992); *United States v. Hill,* 27 MJ 293 (CMA 1988). Admittedly, defense counsel also failed to comment on this omission—which was his right under Article 60(d) and RCM 1106(f)(4) [1]—and thus he may have forfeited this right to object to or comment on the staff judge advocate's omission. Art. 60(d); RCM 1106(f)(6).[2] Therefore, this Court should consider granting appellant relief on this basis only if the staff judge advocate's omission was plain error. *United States v. Fisher, supra. See generally United States v. Olano, supra.*

■ In *Fisher,* this Court set forth our approach to plain-error review. Judge Cox wrote:

In order to constitute plain error, the error must not only be both obvious and substantial, it must also have "had an unfair prejudicial impact on the jury's deliberations." [*United States v. Young,* 470 U.S. 1, 17 n.14, 105 S.Ct. 1038, 1047 n.14, 84 L.Ed.2d 1 (1985)]. The plain error doctrine is invoked to rectify those errors that "seriously affect the fairness, integrity or public reputation of judicial proceedings," *United States v. Atkinson,* 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936). As a consequence, it "is to be used sparingly, solely in those circumstances in which a

miscarriage of justice would otherwise result." *United States v. Frady,* 456 U.S. [152,] at 163 n.14, 102 S.Ct. [1584,] at 1592 n.14 [71 L.Ed.2d 816 [1982]].

21 MJ at 328–29.

In *Olano,* the Supreme Court explained the Federal civilian plain-error rule. Writing for the majority, Justice O'Connor enumerated three foundational "limitation[s]" or requirements for concluding that plain error occurred. First, there must be "an 'error'" which is a "[d]eviation from a legal rule." 113 S.Ct. at 1777. Second, "the error [must] be 'plain.' 'Plain' is synonymous with 'clear' or, equivalently 'obvious[,]'" and must be so "under current law." —— U.S. at ——, 113 S.Ct. at 1777. And third, "the plain error [must] 'affec[t] substantial rights'" of appellant, which typically, yet not always, means the error was "prejudicial" to appellant, *i.e.,* it "affected the outcome of the ... proceedings." *Id.* at —— – ——, 113 S.Ct. at 1777–78.

Once the court determines that appellant has met the burden of persuasion with respect to all three requirements for plain error, "the [Federal civilian court] has authority to order correction, but is not required to do so." *Id.* at ——, 113 S.Ct. at 1778. Under that plain-error doctrine, the decision to provide relief is discretionary, "not mandatory." *Id.* at ——, 113 S.Ct. at 1778. Remedial action should be taken if the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Atkinson,* 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936), *quoted in United States v. Olano,* —— U.S. at ——, 113 S.Ct. at 1779, *and United States v. Fisher, supra* at 328. Alternatively, where "a miscarriage of justice would otherwise result[,]" remedial action is warranted. *See United States v. Olano,* —— U.S. at ——, 113 S.Ct.

---

1. (4) *Response.* Counsel for the accused may submit, in writing, corrections or rebuttal to any matter in the recommendation believed to be erroneous, inadequate, or misleading, and may comment on any other matter.

2. (6) *Waiver.* Failure of counsel for the accused to comment on any matter in the recommendation or matters attached to the recommendation in a timely manner shall waive later claim of error with regard to such matter in the absence of plain error.

at 1779. Such a miscarriage exists, for example, when there is clear and convincing evidence of appellant's "actual innocence." *Sawyer v. Whitley*, —— U.S. ——, ——, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992) (a typical "example of 'actual innocence'" is when "the State has convicted the wrong person of the crime"—*id.* at ——, 112 S.Ct. at 2519), *cited in United States v. Olano*, —— U.S. at ——, 113 S.Ct. at 1779.

We need not decide today whether the discretionary approach to plain-error review articulated by the Supreme Court in *United States v. Olano, supra,* and our standard articulated in *United States v. Fisher,* 21 MJ at 328–29, are compatible. To the extent we have such discretion, we exercise it in appellant's case because of the traditional importance of awards and decorations to the integrity of the military punishment process. *See generally United States v. Bono,* 26 MJ 240, 243 n.3 (CMA 1988) (convening authority "is the accused's best hope for sentence relief").

██ The staff judge advocate's recommendation to the convening authority must include a summary of the accused's service record to include awards and decorations. Art. 60(d); RCM 1106(d)(3)(B).[3] Thus, it was legal error for him to exercise his discretion and include only those awards and decorations which he deemed appropriate. *Cf. United States v. Beaudin,* 35 MJ at 387–88. Moreover, the unequivocal language of RCM 1106(d), as well as this Court's previous interpretations thereof, lead us to conclude that omission of Vietnam service decorations, as in the present case, was clear or obvious error under this rule. *Cf. United States v. Beaudin, supra; United States v. Clear,* 34 MJ 129 (CMA 1992); *United States v. Hill, supra.*

As for prejudice to appellant, this Court has no doubt in this regard. We have previously held that remand is generally required when the staff judge advocate's recommendation omits "the contents required by RCM 1106(d)." Then—Chief Judge Everett stated:

Generally, an accused is entitled to be placed in the position he would have occupied if an error had not occurred. *Cf. United States v. Sales,* 22 MJ 305 (CMA 1986). Since it is very difficult to determine how a convening authority would have exercised his broad discretion if the staff judge advocate had complied with RCM 1106, a remand will usually be in order. *This remedy not only will protect the accused from prejudice but also will help assure future compliance by staff judge advocates.* Moreover, unlike a rehearing on findings or sentence, this remedy will not be onerous for the Government.

*United States v. Hill,* 27 MJ at 296 (emphasis added). *See United States v. Clear, supra* at 132 (citing *United States v. McLemore,* 30 MJ 605, 608 (NMCMR 1990)).

██ Moreover, we reject the Government's position that the omitted awards

---

**3.** (d) *Form and content of recommendation.*

(1) *In general.* The purpose of the recommendation of the staff judge advocate or legal officer is to assist the convening authority to decide what action to take on the sentence in the exercise of command prerogative. The staff judge advocate or legal officer shall use the record of trial in the preparation of the recommendation.

(2) *Form.* The recommendation of the staff judge advocate or legal officer shall be a concise written communication.

(3) *Required contents.* Except as provided in subsection (e) of this rule, the recommendation of the staff judge advocate or legal officer shall include concise information as to:

(A) The findings and sentence adjudged by the court-martial;

(B) *A summary of the accused's service record, to include length and character of service, awards and decorations received, and any records of nonjudicial punishment and previous convictions;*

(C) A statement of the nature and duration of any pretrial restraint;

(D) If there is a pretrial agreement, a statement of any action the convening authority is obligated to take under the agreement or a statement of the reasons why the convening authority is not obligated to take specific action under the agreement; and

(E) A specific recommendation as to the action to be taken by the convening authority on the sentence.

(Emphasis added.)

reveal nothing of appellant's character or would somehow aggravate his sentence in view of his current failings. On the contrary, appellate defense counsel argues:

> Service in Vietnam carries special distinction. Such service is even more noteworthy today, some 20 years after the cessation of hostilities in Vietnam, as it is becoming increasingly rare to find servicemembers on active duty with Vietnam service. Awards received as a result of Vietnam service are likewise viewed as important statements about a soldier's or sailor's character.

Reply Brief at 4. We wholeheartedly agree with this argument and reaffirm our prior decision in *United States v. Rowe*, *supra*, that Vietnam service is not to be forgotten.[4]

The decision of the United States Navy–Marine Corps Court of Military Review as to sentence and the action of the convening authority are set aside. The record of trial is returned to the Judge Advocate General of the Navy for remand to a general court-martial convening authority for a new recommendation and action.

Judges COX, CRAWFORD, GIERKE, and WISS concur.

CRAWFORD, Judge (dissenting): *

I am concerned about the majority opinion's cursory treatment of the plain-error doctrine in order to avoid applying the waiver doctrine. A simple incantation of the magic words "discretionary" approach to plain error is not a substitute for analyz-

ing the three foundational limitations enunciated by the Supreme Court in *United States v. Olano*, —— U.S. ——, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). *See also United States v. Toro*, 37 MJ 313 (CMA 1993). It is the third foundational limitation—whether appellant's "substantial rights" were affected—that I believe deserves discussion.

As noted in the majority opinion, a discussion of whether appellant's "substantial rights" were affected involves an assessment of whether the error was prejudicial to appellant, *i.e.*, whether "it 'affected the outcome of the ... proceedings.'" 37 MJ at 491. Contrary to the view taken in the majority opinion, I believe that this Court well defined the meaning of these terms in *United States v. Fisher*, 21 MJ 327, 328–29 (1986), where Judge Cox so eloquently wrote:

> In order to constitute plain error, the error must not only be both obvious and substantial, it must also have "had an unfair prejudicial impact on the jury's deliberations." [*United States v. Young*, 470 U.S. 1, 17 n.14, 105 S.Ct. 1038, 1047 n.14, 84 L.Ed.2d 1 (1985)]. The plain error doctrine is invoked to rectify those errors that "seriously affect the fairness, integrity or public reputation of judicial proceedings," *United States v. Atkinson*, 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936). As a consequence, it "is to be used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result." *United States v. Frady*, 456

---

**4.** Because of our disposition of the specified issue on regulatory grounds, Part B, *supra*, we need not reach the constitutional question whether trial defense counsel's failure to comment on the staff judge advocate's omission of appellant's Vietnam awards and decorations was tantamount to ineffective assistance of counsel. Nevertheless, we do note that there is no evidence in the record of trial of all the awards and decorations which appellant was authorized to wear. Moreover, trial defense counsel should have provided this information to the convening authority, particularly in response to the omission in the staff judge advocate's recommendation. *See United States v. Bono*, 26 MJ 240, 243 n.3 (CMA 1988) (conven-

ing authority "is the accused's best hope for sentence relief"). We also note that the Government did not offer an affidavit from trial defense counsel justifying his failure to call to the convening authority's attention appellant's Vietnam awards and decorations. *See United States v. Clear*, 34 MJ 129, 132 (CMA 1992) (suggesting that post-trial affidavits from trial defense counsel may provide justification for counsel's actions or omissions); *United States v. Babbitt*, 26 MJ 157, 158 (CMA 1988) (strategic error may be within bounds of reasonable tactical judgment).

* This opinion was filed on September 29, 1993, two days after the majority opinion was released.

U.S. [152,] at 163 n.14, 102 S.Ct. [1584,] at 1592 n.14.

In my view, appellant did not meet the burden of persuasion with respect to establishing that his "substantial rights" were affected or that he was prejudiced by the error; therefore, I believe the issue was waived. The plain-error doctrine and the waiver doctrine are intimately linked together. Lowering the threshold requirements for finding plain error to virtually any situation where error can be established effectively eliminates the waiver doctrine. It may be in the future we will not find waiver when there has been an omission from the post-trial recommendation of any reference to an accused's battalion commander's recommendations that he not be eliminated from the service, *e.g., United States v. Walker*, 1 MJ 39 (CMA 1975), or that the accused's superior officer was relieved as a commander. *United States v. Castleman*, 11 MJ 562 (AFCMR 1981).

It may be that lack of consideration of these particular awards affected appellant's substantial rights and that he was prejudiced in terms of his clemency petition. However, without such an analysis, I fear that we may be headed down a slippery slope which will lead to a finding of plain error any time any award is omitted from consideration and a consequential limitation on the waiver doctrine. *See, e.g.,* West's Military Justice Digest §§ 1388–92.

Because of the number of appellate issues concerning post-trial recommendations by the staff judge advocate, this Court in *United States v. Goode*, 1 MJ 3, 6 (CMA 1975), stated:

> This case and others coming before the Court make it apparent that the post-trial review of the staff judge advocate has occasioned recurrent complaints about what should be included in it. Similar outcries have been voiced because of the misleading nature of certain reviews. Because of these continual and often repeated claims of error, . . . , we deem it

appropriate and expedient to take corrective action.

> To remedy these issues this Court ordered that staff judge advocate reviews be served on trial defense counsel to afford them

> > an opportunity to correct or challenge any matter he deems erroneous, inadequate or misleading, or on which he otherwise wishes to comment. . . . The failure of counsel for the accused to take advantage of this opportunity within 5 days of said service upon him will normally be deemed a waiver of any error in the review.

*Id.* at 6.

Problems in this area were persistent, however, and Congress in 1983 sought to simplify the procedures by limiting the SJA's recommendation. *See United States v. Beaudin*, 35 MJ 385, 389 (CMA 1992) (Gierke and Crawford, JJ., concurring separately). The recommendation was not to be a legal review of the proceedings but was to be a concise statement to allow the convening authority to evaluate the appropriateness of the sentence. S.Rep. No. 53, 98th Cong., 1st Sess. 21 (1983), states:

> If there is an objection to an error that is deemed to be prejudicial under Article 59 during appellate review, it is the Committee's intent that appropriate corrective action be taken by appellate authorities without returning the case for further action by a convening authority. . . .

*See also* RCM 1106(d)(6), Manual for Courts–Martial, United States, 1984.

It is clear that Congress intended to limit litigation in this area to those cases involving serious errors which did affect "substantial rights" and which were prejudicial. The doctrine of waiver serves to place responsibility on counsel to set forth matters for consideration by convening authorities. Therefore, I would assess the omission of these particular awards in light of the congressional mandate and apply the doctrine of waiver in the absence of true plain error.