UNITED STATES, Appellee,

v.

Staff Sergeant Kenneth O.J. McKINNON, 237–08–8968, United States Army, Appellant.

No. ACMR 9300011.

U.S. Army Court of Military Review.

30 Nov. 1993.

For Appellant: Colonel Malcolm H. Squires, Jr., JAGC, Captain Don F. Pollack, JAGC (on brief).

For Appellee: Lieutenant Colonel Richard A. Gallivan, JAGC USAR, Major James L. Pohl, JAGC, Captain Gregory T. Baldwin, JAGC, Captain David G. Tobin, JAGC (on brief).

Before CREAN, MORGAN and GONZALES, Appellate Military Judges.

## OPINION OF THE COURT

GONZALES, Judge:

Contrary to his pleas, the appellant was found guilty, by a military judge sitting as a general court-martial of rape, carnal knowledge, and sodomy with his nine-year old daughter in violation of Articles 120 and 125, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 925 (1988) [hereinafter UCMJ]. The appellant was sentenced to a dishonorable discharge, confinement for twelve years, forfeiture of $150.00 per month for 60 months, and reduction to Private E1. The convening authority approved the sentence as adjudged.

Before this court, the appellant asserts that the evidence is not sufficient to support the finding of guilty of sodomy, that the rape and carnal knowledge specifications are multiplicious for findings purposes, and that the court-martial lacked jurisdiction because the military judge was appointed in violation of the Appointments Clause of the United States Constitution. We disagree and affirm.

■ The appellant contends that the government failed to provide any evidence from the victim that the appellant ever placed his penis in her anus. The victim made several references to her "bottom" without clarifying that her "bottom" meant her anus. There was medical testimony that the victim's rectum appeared normal. There was also testimony by the appellant's former wife and his more recent sexual partners that the appellant never engaged nor had the desire to engage in anal intercourse.

The victim testified on direct examination that the appellant placed his penis in her vagina and in her "bottom." On cross-examination she was asked, "And then he would put his penis in your vagina or your butt?". She replied, "yes." On these occasions, the victim stated that it "hurt" and that it was "very painful." The medical testimony indicated that the victim had reported that she had been both "anally and vaginally penetrated." There was further medical testimony that the anal tissue can repair itself "pretty quickly" where no one would be able to find any signs of trauma.

The test for legal sufficiency is whether a reasonable fact finder, viewing the evidence in the light most favorable to the prosecution, could find all the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). For factual sufficiency, the test is whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, this court is convinced of the appellant's guilt beyond a reasonable doubt. *United States v. Turner,* 25 M.J. 324, 325 (C.M.A.1987), *review denied,* 28 M.J. 78 (C.M.A.1989). After a careful review of the record, we conclude that the evidence satisfies both tests.

We turn now to the remaining issues assigned as error or noted by the court.

■ We have previously held that rape and carnal knowledge are not multiplicious for findings purposes. *United States v. Bell,* 38 M.J. 523 (A.C.M.R.1993) (citing *United States v. Teters,* 37 M.J. 370 (C.M.A.1993)).

The appellant's assertion that his court-martial lacked jurisdiction because the military judge was not designated in accor-

dance with the Appointments Clause of the United States Constitution was resolved against him by the United States Court of Military Appeals in *United States v. Weiss,* 36 M.J. 224 (C.M.A.1992), *cert. granted,* —— U.S. ——, 113 S.Ct. 2412, 124 L.Ed.2d 635 (1993).

Although not raised by either side on appeal, we note that the staff judge advocate's recommendation to the convening authority failed to include any information about the appellant's awards and decorations received during fifteen years of service, as required by Rule for Courts–Martial 1106(d)(3)(B) [hereinafter R.C.M.]. Prosecution Exhibit Number 6, the appellant's DA Form 2–1, indicates in block 9 that the appellant had been awarded at least two Army Commendation Medals and four Army Achievement Medals since 1977.

 We also note that the trial defense counsel failed to correct or comment on this omission in his response under R.C.M. 1106(f)(4). Failure of counsel to comment on any error in the staff judge advocate's recommendation constitutes waiver of the issue on appeal, unless the error is also plain error. R.C.M. 1106(f)(6).

Recently, the United States Court of Military Appeals held that a staff judge advocate's failure to include concise information about an accused's Vietnam service awards and decorations in his recommendation to the convening authority was plain error. *United States v. Demerse,* 37 M.J. 488, 492 (C.M.A.1993). The Court reaffirmed its prior decision in *United States v. Rowe,* 18 U.S.C.M.A. 54, 39 C.M.R. 54 (1968), that Vietnam service is not to be forgotten. None of the appellant's awards and decorations in the instant case, however, pertained to service in Vietnam.

We find that the staff judge advocate's omission of the appellant's several awards and decorations in his recommendation to the convening authority was error, but not plain error. In the absence of plain error, the doctrine of waiver applies.

We have also considered the errors personally raised by the appellant pursuant to *United States v. Grostefon,* 12 M.J. 431

(C.M.A.1982) and find that none warrant relief.

The findings of guilty and the sentence are affirmed.

Senior Judge CREAN and Judge MORGAN concur.