UNITED STATES, Appellee,

v.

David W. MAGNAN, Private, U.S. Marine Corps, Appellant.

No. 98–1001.
Crim.App. No. 97–2071.

U.S. Court of Appeals for the Armed Forces.

Argued June 1, 1999.

Decided Sept. 29, 1999.

CRAWFORD, J., delivered the opinion of the Court, in which COX, C.J., and GIERKE and EFFRON, JJ., joined. SULLIVAN, J., filed a dissenting opinion.

For Appellant: *Lieutenant Michael A. Castelli*, JAGC, USNR (argued); *Lieutenant Commander Rebecca L. Gilchrist*, JAGC, USN.

For Appellee: *Lieutenant D.L. Walker*, JAGC, USN (argued); *Colonel Kevin M. Sandkuhler*, USMC, *Commander Eugene E. Irvin*, JAGC, USN, and *Lieutenant James E. Grimes*, JAGC, USNR (on brief).

Judge CRAWFORD delivered the opinion of the Court.

Pursuant to his pleas, appellant was convicted at a special court-martial of absence without leave (AWOL) from April 6, 1997, to a termination by apprehension on July 28, 1997. The convening authority approved the sentence of a bad-conduct discharge and 36 days' confinement. The Court of Criminal Appeals affirmed the findings and sentence. We granted review of the following issue:

WHETHER THE STAFF JUDGE ADVOCATE ERRED BY FAILING TO NOTE IN HIS RECOMMENDATION TO THE CONVENING AUTHORITY THAT THE MILITARY JUDGE STRONGLY RECOMMENDED THAT THE CONVENING AUTHORITY SUSPEND APPELLANT'S BAD–CONDUCT DISCHARGE, WHICH IN TURN CAUSED THE CONVENING AUTHORITY TO ERRONEOUSLY APPROVE THE SENTENCE WITHOUT BEING FULLY INFORMED OF ALL CLEMENCY MATTERS.

We also specified the following issue:

WHETHER DEFENSE COUNSEL RENDERED INEFFECTIVE POST–TRIAL REPRESENTATION OF APPELLANT WHEN HE (1) STATED IN HIS RCM 1106(f)(4) RESPONSE THAT HE HAD NO "COMMENTS OR COR-

RECTIONS TO SUBMIT" TO THE STAFF JUDGE ADVOCATE'S RECOMMENDATION RATHER THAN CORRECTING THE STAFF JUDGE ADVOCATE'S INCORRECT STATEMENT THEREIN THAT THERE WAS NO CLEMENCY RECOMMENDATION FROM THE MILITARY JUDGE; AND (2) FAILED TO SUBMIT ANY CLEMENCY MATTERS FOR THE CONVENING AUTHORITY'S CONSIDERATION UNDER RCM 1105.

We affirm the decision below based on a knowing waiver by appellant.

Appellant, a Native American, pleaded guilty to a single specification alleging unauthorized absence commencing April 6, 1997, and terminating by apprehension on July 28, 1997. Appellant indicated that he commenced his absence during a weekend liberty and went to a Native American tribal area in Montana. He went to Montana to assist the single mother who had taken him in when his natural mother would no longer care for him. Local civilian police apprehended appellant in Montana for being absent from the Marine Corps.

During his unsworn statement, appellant was very frank about his AWOL and his future with the Marine Corps. He felt that his enlistment was a mistake. He felt a superior obligation to the family that had taken him in. Appellant felt that the only contributions he could make would be at home, in Montana, not in the Marine Corps. Appellant requested a bad-conduct discharge.

The military judge sentenced appellant to confinement for 36 days (the precise time appellant had served in pretrial confinement) and a bad-conduct discharge. The military judge then stated:

I'm going to make a recommendation to the convening authority at this point that he suspend your BCD so you would be separated administratively instead of getting out with a bad-conduct discharge....

\* \* \*

I want to note for the record that during the entire proceedings, the extreme remorse that I noted that you demonstrated

to this court, and that you're—this seemed to be a real trying thing for you.

In his recommendation to the convening authority, the staff judge advocate (SJA) not only failed to mention the recommendation of the military judge, but affirmatively stated: "Clemency recommendation by the court or military judge: None." The SJA opined that "nothing offered by the defense during the trial warrants clemency." The convening authority was not informed of the observations and recommendation of the military judge.

The misstatement by the SJA as to no clemency recommendation by the judge was error. But there is no evidence in the record that this was a knowingly intentional misstatement designed to prejudice appellant.

Over the years, this Court has noted numerous misstatements in staff judge advocates' recommendations, e.g., failure to mention the accused's service awards. See United States v. Demerse, 37 MJ 488 (CMA 1993); United States v. Hollon, 39 MJ 38 (CMA 1993). In none of these cases, however, have we accused the SJA of intentional misconduct. Nor have we excused the error. Most errors are the result of oversight and are easily correctable.

United States v. Clear, 34 MJ 129 (CMA 1992), is distinguishable from the present case. The judge in Clear recommended that the accused be sent to a retraining unit and offered the opportunity to earn a conditional suspension of his discharge. Rather than mention the military judge's clemency recommendation, the SJA stated that he found no reason to grant clemency and recommended that the accused be sent to a confinement facility, rather than the retraining unit. In Clear, the record was inadequate to support the rationale of trial defense counsel's failure to comment on the SJA's recommendation not to send Clear to a retraining unit. In the present case, however, the record supports the rationale of trial defense counsel because appellant, in an unsworn statement, requested a bad conduct discharge.

As to the SJA's recommendation and a possible defense submission, defense counsel stated in a post-trial affidavit:

After trial, I fully discussed with Pvt. Magnan the fact that the Military Judge had taken the unusual step of recommending that the punitive discharge be disapproved or mitigated by the convening authority. I explained to him the possibility that the convening authority would heed the military judge's recommendation. I also urged him to pursue this possibility and told him what I planned to do regarding a clemency request and related matters. I told him the chances of his having the bad-conduct discharge disapproved or suspended were excellent. Despite this, Pvt. Magnan specifically instructed me not to request clemency or seek any suspension of the punitive discharge. His reasoning was that he did not want to do anything which might in any way delay his discharge from the Marine Corps.

Based on this uncontradicted affidavit, it is clear that there is an "intentional relinquishment or abandonment of a known right." *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *see, e.g., Freytag v. Commissioner,* 501 U.S. 868, 894 n. 2, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991).

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed.

SULLIVAN, Judge (dissenting):

This is not a case of waiver. It is one of duty. Duty not done, rather than an act of knowing waiver. The laws and the rules that make up the justice system are based on the twin assumptions that everyone with responsible duties in the system will do their duty described by law and that everyone will tell the truth. If someone makes a false statement in the judicial process, it is the duty of the judge or the attorneys to point out that false statement. Silence is not an option for an officer of the court when facts that are false are being presented in a court of law and that officer has the duty to act.

In the instant case, appellant pled guilty to a single specification of absence without leave (AWOL). At trial, the reason why appellant went AWOL came out (to help a widow with 7 children), and appellant expressed "extreme remorse." In sentencing appellant, the trial judge did a very unusual thing. He stated:

> I'm going to make a recommendation to the convening authority at this point that he suspend your BCD so you would be separated administratively instead of getting out with a bad-conduct discharge.

The judge obviously did not want appellant to suffer all the effects of a federal felony conviction for the rest of his life for helping a widow with 7 children, a widow connected to his tribe and who raised appellant when his own mother kicked him out of his home.

During the posttrial review of this case, the staff judge advocate (SJA) made the following affirmative misstatement to the convening authority in his posttrial recommendation:

> Clemency recommendation by the court or the military judge: None.

This was obviously a false statement,[1] since the trial judge had taken the unusual step of recommending an administrative discharge instead of a BCD. Not only was it false, but RCM 1106(d)(3)(B), Manual for Courts–Martial, United States (1995 ed.),[2] was clearly violated.[3] It is here, in my view, that the error was made, when the SJA made this statement and the defense remained silent and allowed the convening authority to be misled by the false statement in the SJA's recommendation. *See generally United States v. Lewis,* 38 MJ 501, 516–17 (ACMR 1993) (duty of candor in the military justice system).

The majority says that the error was waived since this young appellant wanted a BCD at trial (according to the record) and immediately after trial but before the clemency process (according to the defense counsel's affidavit). To that I say two things.

---

1. There is no hint that the SJA *intentionally* made a false statement.

2. This provision is unchanged in the 1998 Manual.

3. *United States v. Lee,* 50 MJ 296 (1999); *United States v. Clear,* 34 MJ 129 (CMA 1992).

First, there can be no waiver here because there is nothing in the record or in the posttrial affidavit which shows that appellant was informed of the SJA error and knowingly waived it. Second, when is it ever justified to allow a false statement to be made to a court or a convening authority? The saying "the end justifies the means" cannot be applied to the giving of false statements in the judicial process. Here, the means (allowing a false statement to be made to the convening authority) can never be justified by the end (at trial, appellant said he wanted a BCD, and the silence of defense counsel can help accomplish this goal). No, I am afraid that the duty I was talking about at the beginning of my opinion will not allow false statements to be made to a convening authority.

What should have been done in this case is that defense counsel should have told his client of the false statement by the SJA, and if the client approved, should have further told the convening authority that even though the trial judge recommended an administrative discharge, his client still wanted a BCD. Then the convening authority would be acting with full knowledge of the case before him.

To summarize, the decision of a convening authority to approve or not approve a punitive discharge is extremely important. *See United States v. Sumrall,* 45 MJ 207, 211A–211B (1996). The SJA in this case clearly erred in his affirmative misstatement to the convening authority in his posttrial recommendation. "Clemency recommendation by the court or military judge: None." I further conclude that defense counsel was not free to remain silent and allow the convening authority to be misled simply because his client may not have desired suspension of his punitive discharge. *See generally United States v. Lewis, supra* (duty of candor in military justice system). Accordingly, I conclude that the SJA committed plain error which was not affirmatively waived on the record. *See United States v. Parks,* 46 MJ 114 (CMA 1996), cited in *United States v. Wiley,* 47 MJ 158, 160 (1997).

I would remand this case for a new posttrial recommendation and action. *See United States v. Wheelus,* 49 MJ 283, 291 (1998) (Sullivan, J., dissenting).