**UNITED STATES**

v.

**Jamu K. SANDERS, Private (E–1), U.S. Marine Corps.**

**NMCCA 200400465.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 20 May 2003.

Decided 12 May 2005.

CDR Michael Wentworth, JAGC, USNR, Appellate Defense Counsel.

Lt Anthony S. Yim, JAGC, USNR, Appellate Defense Counsel.

Lt Jessica Hudson, JAGC, USNR, Appellate Government Counsel.

Before CARVER, Senior Judge, WAGNER, and REDCLIFF, Appellate Military Judges.

WAGNER, Judge:

A military judge, sitting as a general court-martial, convicted the appellant, in accordance with his pleas, of reckless driving, larceny, assault consummated by battery, and disorderly conduct, in violation of Articles 111, 121, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 911, 921, 928, and 934. The appellant was sentenced to a bad-conduct discharge. The convening authority approved the sentence as adjudged. The pretrial agreement had no effect on the sentence.

We have examined the record of trial, the appellant's three assignments of error, and the Government's response. Following that examination, we conclude that the convening authority's action, which relied upon the staff judge advocate's recommendation (SJAR) that failed to include the appellant's awards and decorations from combat operations during a previous enlistment, must be set aside. We will order corrective action in our decretal paragraph.

### SJAR Error

In his third assignment of error, the appellant alleges that the SJAR is defective in that it fails to accurately summarize the appellant's characterization of service, awards, and decorations. He asks to set aside the convening authority's action and return the record to the Judge Advocate General for a remand to the convening authority for a new SJAR and convening authority's action.

RULE FOR COURTS-MARTIAL, 1106(d)(3)(C), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2002 ed.) requires that the SJAR include a summary of the appellant's service record. This summary must describe the appellant's length and character of service, awards and decorations, as well as any prior nonjudicial punishments or convictions. *Id.*

While the SJAR in this case did accurately reflect the length of the appellant's service both in his present enlistment and in his initial enlistment before his period of broken service, it listed only the awards and decorations received by the appellant during his current enlistment: the National Defense Service Medal and the Rifle Expert Medal. Not provided by the SJAR for the convening authority's consideration were the Combat Action Ribbon, Marine Corps Good Conduct Medal (Second Award), Southwest Asia Service Medal, Armed Forces Service Medal, Overseas Service Ribbon, Marine Corps Reserve Ribbon, Kuwait Liberation Ribbon (Saudi Arabia), and the Kuwait Liberation Medal (Kuwait).

The appellant was provided the opportunity to review the SJAR and was granted an extension to submit post-trial matters. The resulting clemency request makes no statement regarding the omission of the appellant's awards and decorations from the SJAR. The clemency request does state that the appellant received the Combat Action Ribbon for service during Desert Storm, but makes no further mention of awards and decorations.

R.C.M. 1106(f)(6) states that failure of the appellant to comment on any matter contained in the recommendation constitutes waiver of the issue on appeal in the absence of plain error. This is more appropriately termed forfeiture.[1] "Plain error," as a legal term, requires that an error, in fact, exists; that it be plain or obvious; and that it materially prejudices the substantial rights of the accused. *United States v. Finster*, 51 M.J. 185, 187 (C.A.A.F.1999)(citing *United States v. Powell*, 49 M.J. 460, 463, 465 (C.A.A.F. 1998)); *see also United States v. Fuson*, 54 M.J. 523, 526 (N.M.Ct.Crim.App.2000).

The language of R.C.M. 1106(d)(3)(C) makes it error to leave out the substantial awards and decorations the appellant received during his initial enlistment. As to whether this error was plain or obvious, we look to a similar case where the SJAR failed to include awards and decorations from the Vietnam War, where our superior court stated "Moreover, the unequivocal language of RCM 1106(d), as well as this Court's previous interpretations thereof, lead us to conclude that omission of Vietnam service decorations, as in the present case, was clear or obvious error under this rule." *United States v. Demerse*, 37 M.J. 488, 492 (C.M.A.1993). The failure to include the appellant's awards and decorations from his service in combat during Desert Storm amounts to obvious error in this case.

■ We next turn to the issue of prejudice. The courts have often said that the convening authority's review of a court-martial and subsequent action is the appellant's best chance for clemency. *United States v. Wheelus*, 49 M.J. 283, 287 (C.A.A.F.1998). There remains a substantial question as to the accuracy of that statement if the convening authority is denied important information in mitigation of the offenses, such as prior service in combat. This problem is compounded when the convening authority who acts on the court-martial post-trial is not the same convening authority who read the reports of investigation, referred the charges for trial, and had first hand knowledge of the trial as it progressed. In that case, the failure to include the information required by R.C.M. 1106 in the SJAR becomes even more critical, and the potential for prejudice more likely. We note that the commander who took action on this case was not the commander who initially referred the charges for trial.

Accordingly, to the extent that the SJAR failed to provide sufficient information on the appellant's awards and decorations, the action taken in reliance thereon is in error.

## Conclusion

Because we find error under the appellant's third assignment of error, we do not reach the appellant's first and second assignments of error. Accordingly, we return the record of trial to the Judge Advocate General for a remand to the convening authority for a new SJAR and convening authority's action.

---

1. For a discussion of the difference between waiver and forfeiture, see *United States v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

The record shall then be returned to this court for further review.

Senior Judge CARVER and Judge REDCLIFF concur.