# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Master Sergeant JESSE R. WAITE
### United States Air Force

## ACM 38357

## 12 November 2014

Sentence adjudged 7 December 2012 by GCM convened at Edwards Air Force Base, California. Military Judge: W. Shane Cohen (sitting alone).

Approved Sentence: Dishonorable discharge, confinement for 15 years, reduction to E-4, and a reprimand.

Appellate Counsel for the Appellant: Captain Christopher D. James and Frank J. Spinner, Esquire.

Appellate Counsel for the United States: Lieutenant Colonel C. Taylor Smith and Gerald R. Bruce, Esquire.

Before

MITCHELL, WEBER, and CONTOVEROS
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

MITCHELL, Senior Judge:

At a general court-martial, a military judge convicted the appellant, contrary to his pleas, of attempted carnal knowledge with a child under 12 years of age,[1] aggravated

---

[1] The offense occurred between 1 February and 30 September 2007, in violation of the punitive articles applicable to sexual offenses committed prior to 1 October 2007. *See Manual for Courts-Martial, United States* (*MCM*), app. 27 (2012 ed.).

sexual assault of a child between 12 and 16 years of age,[2] aggravated sexual abuse of a child on divers occasions,[3] taking indecent liberties with a child on divers occasions,[4] two specifications of abusive sexual contact with a child,[5] and indecent acts with a child.[6] The offenses of which the appellant was convicted represent violations of Articles 80, 120, and 134, UCMJ, 10 U.S.C. §§ 880, 920, 934. The adjudged and approved sentence consisted of a dishonorable discharge, confinement for 15 years, reduction to E-4, and a reprimand.

The appellant challenges the legal and factual sufficiency of his conviction, the accuracy of the staff judge advocate's recommendation, and the post-trial delay in obtaining the convening authority's action. Because we determine the appellant is entitled to new post-trial processing, we do not address the other issues at this time.

*Background*

The appellant's convictions arose out of his sexual abuse of his daughter. His daughter testified as to the abuse that occurred. She and two Air Force Office of Special Investigation agents also testified about a pretext phone call between her and her father. During the phone call, she told her father that she was concerned she had a sexually transmitted disease. He responded by saying that he did not have one. He also discouraged his 13-year-old daughter from seeking medical treatment even though she told him it hurt when she urinated, she had a yellow discharge, and her mouth also hurt. A child abuse pediatrician testified that during his examination of the victim he observed a deep cleft in her hymen which was consistent with a penetrating injury. The appellant testified and denied all of the allegations.

*Post-Trial Processing*

The appellant alleges that the staff judge advocate's recommendation (SJAR) erroneously stated that the maximum sentence in this case was death. The appellant raises this as an issue for the first time on appeal. The appellant also argues that he is entitled to new post-trial processing because the clemency submission in the record does not include one of his submitted attachments.

---

[2] The offense occurred between 18 September 2009 and on or about 27 February 2011, in violation of the punitive articles applicable to sexual offenses committed between 1 October 2007 and 27 June 2012. *See MCM*, app. 28.
[3] The offenses occurred between 1 October 2007 and on or about 27 February 2011, in violation of the punitive articles applicable to sexual offenses committed between 1 October 2007 and 27 June 2012. *Id.*
[4] The offenses occurred between 1 October 2007 and on or about 27 February 2011, in violation of the punitive articles applicable to sexual offenses committed between 1 October 2007 and 27 June 2012. *Id.*
[5] The offenses occurred between 1 September and on or about 30 November 2010, in violation of the punitive articles applicable to sexual offenses committed between 1 October 2007 and 27 June 2012. *Id.*
[6] The offense occurred between 1 February 2007 and 30 September 2007, in violation of the punitive articles applicable to sexual offenses committed prior to 1 October 2007. *See MCM*, app. 27.

Proper completion of post-trial processing is a question of law, which this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citing *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)). When reviewing post-trial errors, we recognize the convening authority is an appellant's "best hope for sentence relief." *United States v. Lee*, 50 M.J. 296, 297 (C.A.A.F. 1999) (citation and quotation marks omitted). The convening authority, not a Court of Criminal Appeals, is empowered to grant clemency for equitable reasons. *United States v. Nerad*, 69 M.J. 138, 145 (C.A.A.F. 2010). "Because of the highly discretionary nature of the convening authority's action on the sentence, we will grant relief if an appellant presents 'some colorable showing of possible prejudice.'" *Kho*, 54 M.J. at 65 (quoting *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998)); *see also United States v. Scalo*, 60 M.J. 435 (C.A.A.F. 2005). The appellant can prove a colorable showing of possible prejudice by stating what, if anything, he would have submitted to deny, counter, or explain matters submitted by the Government. *United States v. Gilbreath*, 57 M.J. 57, 61 (C.A.A.F. 2002).

Failure to comment in a timely manner on matters in the staff judge advocate's recommendation, or matters attached to the recommendation, forfeits[7] any later claim of error in the absence of plain error. Rule for Courts-Martial 1106(f)(6); *Scalo*, 60 M.J. at 436. "To prevail under a plain error analysis, [the appellant bears the burden of showing] that: '(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right.'" *Scalo*, 60 M.J. at 436 (quoting *Kho*, 54 M.J. at 65). Finally, even if error occurred, such an error "does not result in an automatic return by the appellate court of the case to the convening authority." *United States v. Green*, 44 M.J. 93, 95 (C.A.A.F. 1996). "Instead, an appellate court may determine if the accused has been prejudiced by testing whether the alleged error has any merit and would have led to a favorable recommendation by the SJA or corrective action by the convening authority." *Id.* Although the threshold for establishing prejudice in this context is low, the appellant must nonetheless make at least some "colorable showing of possible prejudice in terms of how the [perceived error] potentially affected [his] opportunity for clemency." *See Scalo*, 60 M.J. at 437.

---

[7] Rule for Courts-Martial 1106(f)(6) and *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005) both indicate that *waiver* occurs when counsel fails to comment on matters in the staff judge advocate's recommendation. However, our superior court's decision in *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009) recognized that military courts had failed to "consistently distinguish between the terms 'waiver' and 'forfeiture.'" *Gladue* held that while waiver is the "intentional relinquishment or abandonment of a known right," which precludes appellate review of an issue, forfeiture is "the failure to make the timely assertion of a right" leading to plain error review on appeal. *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)) (internal quotation marks omitted). Following *Gladue*, the term "forfeiture" should generally characterize the effect of a failure to timely comment on matters in the staff judge advocate's recommendation. *See United States v. Parker*, __ M.J. __, ACM 38384 (A.F. Ct. Crim. App. 15 October 2014) (stating that the appellant forfeited, rather than waived, a claim that erroneous information was attached to the staff judge advocate's recommendation).

The error in the SJAR is plain and obvious. None of the requirements in R.C.M. 1004 were met for this to be a capital case. In fact, the referral stated that the charges were referred to a general court-martial with the explicit instruction that they were "[t]o be tried as a noncapital case."

We also find the failure to include all the documents submitted in clemency by the appellant and his counsel is plain and obvious error. Rule for Courts-Martial 1107(b)(3)(A) requires the convening authority to consider all written matters submitted by the appellant under R.C.M. 1105 or 1106(f) before taking action. The appellant is entitled to submit any written matters that "may reasonably tend to affect the convening authority's decision," including clemency recommendations and matters in mitigation. R.C.M. 1105(b).

Although not raised by the appellant, we note an additional error in the action and court-martial order. Two weeks after trial, the convening authority deferred the reduction in rank and the automatic forfeitures until action. The convening authority at action waived the mandatory forfeitures of all pay and allowances for the benefit of the appellant's dependents. While the deferment memorandum is included in the record, it is not mentioned in the action. The deferment is also not included in the court-martial order. A deferment must be reported in the action when it occurs before or at action. R.C.M. 1101(c)(4); *see also* Air Force Instruction 51-201, *Administration of Military Justice*, ¶ 9.16.5 (6 June 2013) ("Approved deferrals and waivers *must* be documented in the convening authority's action . . . ." (emphasis added)). A new action and subsequent promulgating order is required to correct this deficiency. R.C.M. 1107(g).

"Most [post-trial processing] errors are the result of oversight and are easily correctable." *United States v. Magnan*, 52 M.J. 56, 57 (C.A.A.F. 1999). Due to the errors in the post-trial processing of this case, we set aside the action and order new post-trial processing. A corrected SJAR will be issued, and the appellant will be afforded the opportunity to respond. *See United States v. Mendoza*, 67 M.J. 53 (C.A.A.F. 2008) (Court of Criminal Appeals setting aside the action requires a new SJAR and opportunity to respond). What we recently noted in another case applies here: "The Government's neglectful post-trial processing in a significant case . . . created an issue where none should have existed." *United States v. Parker*, __ M.J. __, ACM 38384 (A.F. Ct. Crim. App. 15 October 2014).

*Conclusion*

The record of trial is returned to The Judge Advocate General for remand to the convening authority for new post-trial processing consistent with this opinion. Article 66(e), UCMJ, 10 U.S.C. § 866(e).

Thereafter, Article 66(b), UCMJ, 10 U.S.C. § 866(b), will apply.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court