# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

### Airman First Class MICHAEL W. GOULD, JR.
### United States Air Force

### ACM S32275

### 24 February 2016

Sentence adjudged 3 September 2014 by SPCM convened at Malmstrom Air Force Base, Montana. Military Judge: Todd E. McDowell (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 6 months, forfeiture of $500.00 pay per month for 6 months, and reduction to E-1.

Appellate Counsel for Appellant: Major Jeffrey A. Davis and Captain Lauren A. Shure.

Appellate Counsel for the United States: Major Meredith L. Steer; Captain J. Ronald Steelman III; and Gerald R. Bruce, Esquire.

Before

MITCHELL, DUBRISKE, and BROWN
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

BROWN, Judge:

At a special court-martial consisting of a military judge sitting alone, Appellant was convicted, consistent with his plea, of two specifications of failure to go, three specifications of false official statement, and one specification of larceny of military

property, in violation of Articles 86, 107, and 121, UCMJ, 10 U.S.C. §§ 886, 907, 921.[1] The military judge sentenced Appellant to a bad-conduct discharge, confinement for 6 months, forfeiture of $500.00 pay per month for 6 months, and reduction to E-1. The convening authority approved the sentence as adjudged.

On appeal, Appellant argues he is entitled to a new convening authority action due to errors in the personal data sheet (PDS) that was attached to the staff judge advocate's recommendation (SJAR). We disagree and affirm the findings and sentence.

*Background*

Appellant stole military property consisting of two laptops, a flashlight, a pair of sunglasses, three backpacks, and two pieces of luggage. When questioned about the thefts, he lied to investigators and claimed he found one of the laptops at a yard sale. He also lied to supervisors about his duty uniform requirements when he reported for duty. Finally, on two occasions, he failed to go to his appointed place of duty.

In clemency, Appellant requested the convening authority reduce the length of his confinement and disapprove his bad-conduct discharge.[2] The basis for this request was three-fold: (1) that Appellant suffered from a debilitating anxiety disorder as documented by his three-year mental health history and the results of a physical evaluation board, (2) that the purported lack of support from Appellant's leadership regarding his mental health needs exacerbated his mental health problems, and (3) that a shortened term of confinement would be more conducive to his mental health and rehabilitation efforts. The convening authority elected not to grant Appellant's request for clemency.

*SJAR Error*

The SJAR contained an earlier draft of the PDS that was accomplished two months prior to trial, rather than the most current PDS that was admitted at trial. This earlier PDS was incorrect in that it omitted the good conduct medal from the list of awards and decorations Appellant had earned and incorrectly stated he was receiving hardship duty pay and hostile fire pay. Appellant also asserts that it incorrectly stated his length of service as five years and three months, two months fewer than his length of service on the date of his trial. The SJAR was properly served on the defense and the defense did not object to the SJAR or raise any specific legal errors.

The current version of the Rules for Courts-Martial (R.C.M.) no longer has R.C.M. 1106(d)(3)(C) that required the SJAR include "[a] summary of the accused's

---

[1] Appellant pled not guilty to one specification of false official statement, in violation of Article 107, UCMJ, 10 U.S.C. § 907. He was acquitted of this specification by the military judge.

[2] On 19 September 2014, Appellant also requested deferral and waiver of forfeitures, and deferral of his reduction in rank until action. In an undated memorandum, the convening authority denied this request.

service record, to include the length and character of service, awards and decorations received, and any records of non-judicial punishment and previous convictions." *Manual for Courts-Martial, United States*, pt. II, R.C.M. 1106(d)(3)(C) (2008 ed.). The current Air Force regulatory guidance, however, does require that the personal data sheet of the accused admitted at trial be attached to the SJAR. Air Force Instruction 51-201, *Administration of Military Justice*, ¶ 9.16 (6 June 2013). If the staff judge advocate elects to inform the convening authority of an appellant's prior service record through inclusion of the PDS, he must inform the convening authority of the correct information. *Cf. United States v. Drayton*, 40 M.J. 447 (C.M.A. 1994) (although Article 60, UCMJ, does not require an SJAR to advise on the legal sufficiency of the evidence, if the SJAR does so it must be done correctly by limiting the analysis to the evidence admitted at trial).

The court reviews allegations of improper completion of post-trial processing de novo. *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000). If defense counsel does not make a timely comment on an error or omission in the SJAR, that error is waived unless it is prejudicial under a plain error analysis. *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005). To avoid waiver based upon plain error, the appellant must demonstrate three things: "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *Id*. (quoting *Kho* 54 M.J. at 65).

"[B]ecause of the highly discretionary nature of the convening authority's clemency power, the threshold for showing [post-trial] prejudice is low." *United States v. Lee*, 52 M.J. 51, 53 (C.A.A.F. 1999). Only a colorable showing of possible prejudice is necessary. *Id*. Nevertheless, an error in the SJAR "does not result in an automatic return by the appellate court of the case to the convening authority." *United States v. Green*, 44 M.J. 93, 95 (C.A.A.F. 1996). "Instead, an appellate court may determine if the accused has been prejudiced by testing whether the alleged error has any merit and would have led to a favorable recommendation by the SJA or corrective action by the convening authority." *Id*.

Appellant identifies three separate errors contained in the SJAR. We will address each in turn.

First, Appellant notes that the PDS provided to the convening authority incorrectly said that he was receiving hardship duty pay and hostile fire pay. While we agree that this inclusion was plain error, the error did not materially prejudice Appellant. As Appellant concedes on appeal, the convening authority would have known that this pay information was incorrect. As of trial, Appellant was assigned to Malmstrom Air Force Base and the convening authority was his wing commander. The convening authority was therefore aware Appellant was not currently at a duty station that would have resulted in him receiving hostile fire pay or hardship duty pay. Consequently, this error did not materially prejudice Appellant.

Second, Appellant asserts that it was plain error for the attached PDS to list Appellant's length of service as "5 years, 3 months." Appellant argues that, as of the day of trial, Appellant's length of service was actually five years and five months. The attached PDS, however, states at the top of the document that it was prepared on 24 July 2014. As of the date prepared, Appellant's length of service was five years and three months. Further, Appellant's initial date of current service was correctly annotated on the PDS. Consequently, listing Appellant's length of service as "5 years, 3 months"—the correct length of service as of the day the PDS was prepared—was not plain error.

Finally, we turn to the omission of the good conduct medal from the list of Appellant's awards and decorations contained in the PDS. This omission was plain error. In determining whether the error materially prejudiced Appellant, however, one must consider all of the matters considered by the convening authority prior to taking action in Appellant's case. *See United States v. Collins*, ACM S32242 (A.F. Ct. Crim. App. 18 August 2015) (unpub. op.) (holding that an SJAR that omitted Appellant's combat service did not prejudice the appellant as it was referenced elsewhere in the matters before the convening authority); *United States v. Roche*, ACM 38266 (A.F. Ct. Crim. App. 16 June 2014) (considering the offenses and the entirety of the information before the convening authority the omitted matters would have had no impact on the convening authority's decision on clemency).

The convening authority affirmatively stated, through a signed memorandum, that he considered both the SJAR and Appellant's clemency request prior to taking action in Appellant's case. The SJAR included, as an attachment, a PDS that referenced 11 awards and decorations received by Appellant, to include the Meritorious Unit Award, the Air Force Outstanding Unit Award with one device, the Afghanistan Campaign Medal with one device, the Air Force Longevity Service Award Ribbon, the Air Force Non-Commissioned Officer PME Graduate Ribbon, and the NATO Meritorious Service Medal. Considering the awards and decorations that the convening authority was advised Appellant had earned, the addition of a good conduct medal would not significantly change the picture of Appellant's service as supported by his listed awards and decorations. *Cf. United States v. DeMerse*, 37 M.J. 488, 491–93 (C.M.A. 1993) (Considering that service in Vietnam carries special distinction, it was plain error for the SJAR to omit reference to the appellant's awards and decorations from that conflict).

In addition, Appellant's clemency submission neither focused on, nor relied on, his duty performance as a basis for his requested relief in clemency. The focus of the request was Appellant's mental health and mental health needs. Appellant did not attach *any* of his performance evaluations or awards to his clemency request. Under the facts of this case, Appellant's prior receipt of a good conduct medal had little to no bearing on his argument for clemency. Considering Appellant's offenses and the entirety of the information properly before the convening authority, we are convinced that knowledge of

Appellant's good conduct medal would have had no impact on the convening authority's decision to deny Appellant's clemency request.

Under the facts of this case, we find that Appellant forfeited this issue by failing to raise the error in clemency, and the error, regardless of whether it was plain and obvious, did not materially prejudice a substantial right of Appellant.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court