# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

## Captain CHRISTOPHER S. LAMMENS
### United States Air Force

### ACM 38185

### 7 March 2014

Sentence adjudged 2 June 2012 by GCM convened at Moody Air Force Base, Georgia. Military Judge: W. Thomas Cumbie.

Approved Sentence: Dismissal and confinement for 15 years.

Appellate Counsel for the Appellant: Captain Christopher D. James and Frank J. Spinner, Esquire.

Appellate Counsel for the United States: Colonel Don M. Christensen; Lieutenant Colonel C. Taylor Smith; Major John M. Simms; and Gerald R. Bruce, Esquire.

Before

ROAN, HARNEY, and MITCHELL
Appellate Military Judges

This opinion is subject to editorial correction before final release.


MITCHELL, Judge:

A general court-martial composed of officer members convicted the appellant, contrary to his pleas, of carnal knowledge, rape, and indecent acts, in violation of Articles 120 and 134, UCMJ, 10 U.S.C. §§ 920, 934. The court sentenced him to a dismissal, confinement for 15 years, and forfeiture of all pay and allowances. The convening authority approved the findings and only so much of the sentence as provided for the dismissal and confinement for 15 years. He then waived the automatic forfeitures for the benefit of the appellant's dependent children.

The appellant assigns as error: (1) The evidence is legally and factually insufficient; (2) The members were not properly instructed on the element of force in the rape specification; (3) The evidence is legally and factually insufficient to show force; (4) The record of trial does not clearly indicate the convening authority reviewed all the materials in the appellant's clemency submission; (5) Trial defense counsel were ineffective when they did not interview or call as a witness a nurse who performed a physical exam of the victim; and (6) The appellant's rights were materially prejudiced when the military judge failed to provide a limiting instruction after trial counsel's cross-examination elicited that the appellant invoked his right to counsel. Because we order a new action, upon the appellant's fourth assignment of error, we do not address the other issues raised.

## *Background*

The appellant was 36 years old with over 18 years of service by the time of his court-martial. The appellant met HM over the internet when he was stationed in San Antonio, Texas. The appellant moved into HM's house in 2005 and married her in January 2006. HM had a 14-year-old daughter, AW. Beginning in 2005, the appellant engaged in sexual activity with AW.

## *Errors in Post-Trial Processing*

The staff judge advocate recommendation (SJAR) is dated 6 August 2012; trial defense counsel's receipt is dated that same day. The appellant's receipt is dated 17 August 2012. On 30 August 2012, trial defense counsel submitted a three-page clemency request with 45 listed attachments. The addendum to the SJAR (Addendum) is dated 7 August 2012. The Addendum lists 48 attachments to include the proposed action, "Accused's Letter, dated 15 August 2012 (2 pages)," "Accused's Personal Statement, undated (6 pages)," and the "Record of Trial, 9 Volumes." The Addendum does not list the 30 August 2012 submission by trial defense counsel nor does it include an "Attachment 9." The Addendum's Attachments 2 to 46 otherwise match the clemency request's Attachments 1 to 45. The convening authority's Action is dated 7 August 2012, and a contemporaneously dated indorsement to the Addendum states that he considered all attachments before taking action. There is no evidence in the record that the Addendum was served on the appellant or his counsel before this appellate review.[*]

The staff judge advocate (SJA) submitted a post-trial affidavit. He explained that the "metadata" indicated the Addendum was actually created on 7 September 2012. He also highlighted that he could not have known on 7 August 2012 that trial defense counsel would submit a response dated 30 August 2012, which would include the

---

[*] The addendum to the staff judge advocate recommendation is not required to be served on the appellant unless it contains a "new matter." Rule for Courts-Martial 1106(f)(7); *United States v. Scott*, 66 M.J. 1 (C.A.A.F. 2008).

appellant's letter dated 15 August 2012. The SJA also wrote that based on his common practice he would have provided trial defense counsel's petition and the missing character letter to the convening authority prior to action.

The Addendum contains a handwritten pen mark next to the "FOR" line, which is addressed to the convening authority ("MEMORANDUM FOR  9 AF/CC"); that mark looks like the first letter of the convening authority's first name ("L"). We also note that same mark is handwritten on the appellant's 15 August 2012 personal letter and copy of his unsworn statement. This mark is not on trial defense counsel's petition or on any of the other documents.

Proper completion of post-trial processing is a question of law, which this Court reviews de novo. *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000). When reviewing post-trial errors, we recognize the convening authority is an appellant's "best hope for sentence relief." *United States v. Lee*, 50 M.J. 296, 297 (C.A.A.F. 1999) (citation and quotation marks omitted). The convening authority, not the courts of criminal appeals, is empowered to grant clemency for equitable reasons. *United States v. Nerad*, 69 M.J. 138, 145 (C.A.A.F. 2010). "Because of the highly discretionary nature of the convening authority's action on the sentence, we will grant relief if an appellant presents 'some colorable showing of possible prejudice.'" *Kho*, 54 M.J. at 65 (quoting *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998)); *see also United States v. Scalo*, 60 M.J. 435 (C.A.A.F. 2005). The appellant can prove a colorable showing of possible prejudice by stating what, if anything, he would have submitted to deny, counter, or explain matters submitted by the Government. *United States v. Gilbreath*, 57 M.J. 57, 61 (C.A.A.F. 2002).

Rule for Courts-Martial (R.C.M.) 1107(b)(3)(A) requires the convening authority to consider matters submitted by the appellant under R.C.M. 1105 or 1106(f) before taking action. The convening authority is required to consider any written matters submitted by the accused that "may reasonably tend to affect the convening authority's decision," including clemency recommendations and matters in mitigation. R.C.M. 1106(b) and its Discussion. Here, it is the failure to provide trial defense counsel's request that is the error. These documents are generally submitted to the convening authority for the sole purpose of clemency and mitigation. The failure to provide trial defense counsel's clemency petition on behalf of his client amounts to a "colorable showing of prejudice."

Although we believe the SJA that his common practice was to submit all the documents to the convening authority, we cannot determine whether that happened in this particular court-martial's post-trial processing. It is odd that the convening authority would choose to initial the addendum, not initial the defense counsel's clemency request (which would have been the first attachment) and then choose to initial the next two attachments (the appellant's handwritten letter and his unsworn statement). We will not

speculate on what the convening authority would have done in this case had he reviewed the defense counsel's petition. *See Gilbreath*, 57 M.J. at 62. As our superior court has noted on the issue of post-trial processing mistakes, "Most errors are the result of oversight and easily correctable." *United States v. Magnan*, 52 M.J. 56, 57 (C.A.A.F. 1999). We therefore order the correction of this apparent oversight.

*Conclusion*

The record of trial is returned to The Judge Advocate General for remand to the convening authority for withdrawal of the action and for post-trial processing consistent with this opinion. R.C.M. 1107(g); Article 66(e), UCMJ, 10 U.S.C. § 866(e). Thereafter, Article 66(c), UCMJ, 10 U.S.C. § 866(c), will apply.

FOR THE COURT

LEAH M. CALAHAN
Deputy Clerk of the Court